MAGNOLIA PETROLEUM COMPANY V. GRADY GUFFEY.

No. 6577.   Decided March 17, 1937.
Rehearing overruled April 14, 1937.
(102 S. W., 2d Series, 408.)

*Wagstaff, Harwell, Wagstaff & Douthit,* of Abilene, *W. H. Francis, A. S. Hardwicke,* and *Russell Surles,* all of Dallas, for plaintiff in error.

It was error for the trial court to refuse to grant plaintiff in error's motion for an instructed verdict because there was no evidence to show that the company had expressly authorized its agent to collect the account, and even if the check did belong to the company the agent had no implied authority to resort to violence or a wrongful arrest of defendant in error for the purpose of forcing him to pay the same, and it was error for the Court of Civil Appeals to hold that the trial court did not err in overruling said motion. Genovese v. Butt, 48 S. W. (2d) 587; Mayes v. American Natl. Ins. Co., 16 S. W. (2d) 333; 2 Mechem on the Law of Agency, (2d ed.) Secs. 1960, 1962.

*Scarborough & Fly,* of Abilene, for defendant in error.

The petroleum company is liable for the acts of its employee in the scope of his employment, even though he may have been instructed to do the act by an officer. National Equitable Soc. v. Reveire, 209 S. W. 800; Burkett v. Chestnutt, 212 S. W. 271; Panhandle & S. F. Ry. Co. v. Ocan, 271 S. W. 205.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

### ON MOTION FOR REHEARING.

This case was decided originally under the view as suggested in granting the writ that while the check given by Guffey belonged to Magnolia Petroleum Company, and Lawson had authority to collect the same, he had no implied authority to resort to the wrongful arrest of Guffey for the purpose of

enforcing its payment. We accordingly reversed that part of the judgment of the Court of Civil Appeals remanding the case and rendered judgment for the company. Further consideration has convinced us that we were in error, and that instead of rendering judgment we should have allowed it to stand remanded for another trial.

It was our view upon original hearing that Lawson's act in forcibly detaining Guffey, although it may have been the "means of accomplishing an authorized result," was "done in so outrageous * * * a manner" that it was not within the scope of Lawson's employment by the company. In other words, as we viewed his unusual conduct in dealing with a customer of the filling station, it was subject to be classified as suggested in the foregoing excerpt (Restatement of the Law of Agency, Vol. 1, p. 510), and was so far removed from the customary and proper means employed for collecting a debt as not to be susceptible of being held to be within the scope of his agency.

We have reached the conclusion however that we were in error in holding that Lawson's act was not within the scope of his employment, and that the case of Genovese v. Butt, (Com. App.) 48 S. W. (2d) 587, cited by us upon original hearing, when correctly understood, does not support our original view.

The decision of the case referred to rests in its final analysis upon the conclusion that proof of only the simple fact that Kelley, the manager of the store, filed a criminal action against Genovese for swindling on account of giving the store a bad check several months before Kelley became manager, did not establish that he was acting within the scope of his employment in initiating the action; that this fact alone did not constitute the necessary proof that Kelley's purpose in filing the complaint was to enforce payment of the check, for the reason that the method employed was not "a customary and proper means of collecting a debt * * *." The holding, thus explained, discloses that the reason stated was not meant as a reason why the filing of the complaint against Genovese was not within the scope of Kelley's agency, but rather as a reason why mere proof of his action in filing it did not establish that his purpose was to collect a debt. To establish such a purpose was necessary in order to show that the act was done in pursuance of the business of the store.

1 In the present case there is no question but that Lawson's purpose in forcibly detaining Guffey was to collect the amount due the filling station; and further that his action in so doing was within the scope of his agency and in furtherance of the company's business, unless for the reason later to be pointed

out. Schroeder et al. v. Rainboldt et al., 128 Texas 269, 97 S. W. (2d) 679. While the means employed by him in dealing with the company's customer were neither customary nor proper, we are not warranted under the decisions of this State in holding that they were "so outrageous" as not to be within the scope of employment.

We are in accord with the holding of the Court of Civil Appeals that if Lawson's act was done within the scope of his authority as the agent of the company while acting in furtherance of its business, it is liable in damages for his action, regardless of whether he had authority to do the particular act complained of, and regardless of whether he may have performed the act in the ordinary way. Texas & P. Ry. Co. v. Robertson, 82 Texas 657, 17 S. W. 1041, 27 Am. St. Rep. 929; Burnett et al. v. Oechsner, 92 Texas 588, 50 S. W. 562, 71 Am. St. Rep. 880; Tex. Jur., Vol. 10, p. 575, Sec. 28; Philadelphia & R. R. Co. v. Derby, 14 How. (55 U. S.) 468, 14 L. Ed. 502; 2 C. J. 853, Sec. 536; C. J. Secundum, Vol. 3, p. 186, Sec. 255; Am. Jur., Agency, Sec. 360.

The holding of the cases and texts above cited as applied to the particular facts of the present case, may be well summarized in the statement of the Court of Civil Appeals in the present case that:

"The final and conclusive test in all cases without any distinction as to negligent torts and willful torts is whether or not the act or omission of the agent constituting the tort, although itself not authorized, and even if in violation of instructions, was an act done or omitted in pursuance of the principal's business, and within that particular part of such business, if less than all, committed to the agent."

See the cases cited and classified by the Court of Civil Appeals in this connection, and the case of Schroeder et al. v. Rainboldt et al., supra, decided since the opinion herein on original hearing was written.

The test may still be applicable even though the act is "consciously criminal or tortious." Restatement of the Law of Agency, Vol. 1, p. 516, Sec. 231.

2  The company pleaded as a special defense that if Lawson detained Guffey forcibly and committed against him the wrongs alleged, he did so upon instructions of the constable of Precinct One of Taylor County. Upon the trial the company requested submission of a special issue inquiring whether Lawson in forcibly detaining Guffey, if he did, was acting under the constable's instructions. The requested issue was refused.

We are in agreement with the holding of the Court of Civil Appeals that the refusal of this issue constituted reversible error.

The motion praying that our former judgment of rendition be set aside is granted, and the judgment of the Court of Civil Appeals remanding the case for a new trial, is affirmed.

Opinion adopted by the Supreme Court March 17, 1937.

Second motion for rehearing overruled April 14, 1937.