## ELDER et al. v. EVATT.
### No. 2163.

Court of Civil Appeals of Texas. Eastland.
June 13, 1941.

Rehearing Denied Sept. 19, 1941.

Whitaker, Perkins & Turpin, of Midland, for appellants.

Ratliff & Worrell, of Colorado City, for appellee.

FUNDERBURK, Justice.

J. H. Elder and S. M. Erskine, partners doing business under the firm name of Elder Chevrolet Company, residents of Midland County, being sued in Mitchell County, duly filed a plea of privilege. The plaintiff, Bill Evatt, duly controverted such plea. By the suit the recovery of damages was sought for alleged slander and malicious prosecution. Venue in Mitchell County was, according to the pleadings, attempted to be sustained under exceptions 29 and 29a to the general venue statute, R.S.1925, Art. 1995, Vernon's Ann.Civ.St. art. 1995, subds. 29, 29a. Upon hearing, the court below overruled the plea of privilege from which action the Defendants have appealed.

The questions presented for the decision of this court arise only with reference to said exception 29. Exception 29a has no application to the character of case here presented. No contention seems to be made that it does have and, therefore, we deem it unnecessary to discuss it.

The material part of exception 29 reads as follows: "A suit for damages for * * * slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action * * *." R.S.1925, Art. 1995, numbered subdivision 29.

Appellants' contention under their first and second assignments of error asserted as propositions is stated by them as follows: "We take the position that no slanderous words have been uttered. The charge of giving a dry check, a cold check or a hot check, whatever they mean, does not charge slander. Nor is a conditional threat to 'send one over the road' or 'to the pen' a charge of the commission of a criminal offense. In neither of these statements is the meaning of a dry, cold or hot check explained, nor are the elements which are necessary to constitute a criminal offense set out."

No contention is made regarding the sufficiency of the pleadings. The question is not whether there was no evidence or insufficient evidence to support the alleged slanderous statements; but rather, whether the words alleged to have been slanderous, even if proved as alleged, were slanderous.

In our opinion, the terms "dry check", "cold check" and "hot check" are, in this section of the country at least, in such common use with such generally understood meaning that this court must take judicial knowledge of such meaning. The terms are synonymous and the act of giving such a check imports the violation of a criminal law of this State.

If in this we are in error, the result is no different; for the evidence shows that the words were used by the speaker and reasonably understood by his hearers in such sense. The context of the words made it certain that the giving of a "dry check", "cold check" or "hot check", whatever the precise meaning of the words, was an act for which Stewart impliedly asserted that the Plaintiff could be sent to the penitentiary.

"To charge a person with or impute to him the commission of any crime for which punishment by imprisonment in jail or the penitentiary may be imposed is slanderous * * * per se." 27 Tex.Jur. p. 594, sec. 5. As further said by the same authority: "To be actionable, it is not necessary that the publication charge a crime in express words; it is sufficient if the charge is made by reasonable implication or insinuation, or if it consists of a statement of facts which naturally and presumably would be understood as a charge of crime by those who hear * * * it, or if the language was calculated to induce those who heard * * * it to understand that the person to whom it relates is guilty of a crime." Id. p. 596, sec. 6. By such legal tests there seems to us to be no doubt that the evidence was sufficient to support the finding, which presumably was made by the court, that the alleged slanderous words were uttered and were in fact slanderous.

It is further, in effect, contended that the action of the court in overruling the plea of privilege was not warranted because Stewart, the alleged servant of the defendants, who made the alleged slanderous statements, was not shown to have such authority to do so as would bind the Defendants. We are unable to sustain this contention. There was an abundance of evidence to show, if in fact it was not conclusive, that Stewart was the servant of the Defendants, and the statements were made while in the performance of his duty and in furtherance of the work of his employment. Upon this point the controlling principles of law were discussed by us in Magnolia Pet. Co. v. Guffey, 59 S.W.2d 174, and approved by the Supreme Court in

the same case, reported in 129 Tex. 293, 102 S.W.2d 408. It is deemed unnecessary to restate those principles here.

These conclusions render other questions immaterial. If sustained, that would not affect the propriety of the order overruling the plea of privilege. In our opinion the judgment of the court below should be affirmed, and it is accordingly so ordered.