**R. F. KING, Appellant,**

**v.**

**T. J. JONES et al., Appellees.**

**No. 6153.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 21, 1957.

Yarborough, Yarborough & Johnson, Dallas, for appellant.

Leachman, Gardere, Akin & Porter, Dallas, Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellees.

HIGHTOWER, Justice.

Plaintiff R. F. King instituted suit in the district court of Dallas County against T. J. Jones, a resident of Sabine County, and Texas Employers' Insurance Association, whose principal place of business is in Dallas County. From a judgment of the court, sitting without a jury, sustaining Jones' plea of privilege to be sued in Sabine County, the plaintiff perfected his appeal to the Dallas Court of Civil Appeals and the matter was thereafter transferred to this court by the Supreme Court.

The plaintiff's petition, as did his controverting plea, alleged in substance that R. F. King, a duly licensed and practicing attorney, residing also in Sabine County, had entered into a written contract of employment with one Willie Daniels to represent him in his claim for damages by way of injuries occasioned within the provisions of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., while an employee of T. J. Jones, whose Compensation insurance was carried by Texas Employers' Insurance Association; that at a time shortly after King had filed Willie Daniels' claim with the Industrial Accident Board the said T. J. Jones, accompanied by Willie Daniels, confronted King in his law offices in Hemphill, Texas (Sabine County), and demanded that the aforesaid contract of employment be destroyed. Upon King's refusal to destroy his contract, it appears

undisputed that Jones then administered a severe whipping with his fists and feet upon the person of King. There were also pleadings and evidence to the effect that at such time Jones engaged in vituperative epithets which it was alleged were slanderous of King per se. It was further alleged that these acts were committed by Jones while acting in the scope of his employment as an agent and representative of Texas Employers' Insurance Association.

The exceptions under which King sought to sustain venue in Dallas County, under Article 1995, Vernon's Annotated Civil Statutes are: Section 4, providing that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants reside; Section 9, providing that where a suit is based upon a crime, offense or trespass it may be brought in the county where such crime, offense or trespass is committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile; Section 9a, relating to suits based upon negligence; Section 23, providing that suits may be brought against a private corporation * * * in the county in which its principal office is situated, etc., Section 29, relating to venue for suits involving libel or slander; Section 29a, relating to necessary parties to suits.

Jones did not testify on the hearing. King testified extensively to the circumstances of the aforesaid altercation and slanderous statements, which must be accepted by this court as true for the purpose of the determination of the question of venue here involved. He also testified that while he thought that Jones was on the payroll of Texas Employers, he had never seen any of the company's payroll checks; that he did not know of any particular bonuses paid by Texas Employers' Insurance Association to Jones for any work which he might have done for the Association; that he had never heard any conversation between Jones and Texas Employers concerning the settlement or handling of this

particular case. He stated that he had no idea what motive may have prompted Jones to assault him.

Other pertinent evidence was portions of the deposition of R. J. Derrington, a claims adjuster for Texas Employers assigned to handle Willie Daniels' claim. This revealed that it was the custom of Texas Employers in making compensation payments to Jones' employees to mail the checks directly to Jones for delivery to said employees; that settlement of claims with Jones' employees over certain amounts were never made by Texas Employers without first consulting Jones; that payments of $25 per week were being made to Willie Daniels at the time of the aforesaid assault upon King, and that these payments according to custom were first delivered to Jones for delivery to Daniels; that Derrington was not present during the assault and that he first learned of it in Beaumont, Texas. There was also testimony that shortly after learning of the assault, Derrington returned to Hemphill, Texas, and that in company with Jones and Willie Daniels they engaged another attorney in Hemphill to draft an affidavit which was signed by Willie Daniels to the effect that R. F. King was not his duly constituted attorney and was not authorized to represent him in his claim for compensation. This affidavit was then filed with the Industrial Accident Board, which Board notified R. F. King of its existence.

By reason of all the foregoing, appellant King contends that "the undisputed evidence shows that it was within the scope of agent Jones to handle, or at least assist in handling the Daniels claim and in doing this he was necessarily an agent of the company and acting in the furtherance of its business." In such connection he submits the generally correct principle of law that where another is acting within the scope of his authority in the furtherance of his company's business the company is liable in damages for his actions regardless of whether he had authority to do the par-

ticular act complained of and regardless of whether he may have performed the act in the ordinary way. Magnolia Petroleum Co. v. Guffey, 129 Tex. 293, 102 S.W.2d 408; Texas & P. R. Co. v. Robertson, 82 Tex. 657, 17 S.W. 1041 and cases cited.

The law is well settled that a plaintiff seeking to sustain venue against a nonresident defendant under Section 4, above mentioned, in the circumstances of the case at bar, must plead and prove each element of a bona fide claim against the resident defendant, which must be the same claim asserted against him in the pleadings. It is not sufficient as against the non-resident defendant that he only plead a good cause of action, he must go further and actually prove a bona fide cause of action against the resident defendant in order to sustain venue against the non-resident defendant. This principle is based upon the proposition that the plaintiff should satisfy the court upon the venue hearing that he has not sought to defeat a non-resident defendant's plea of privilege by fraudulently or capriciously joining him with a local defendant on allegations which he cannot prove. Stockyards National Bank v. Maples, Tex. Com.App., 127 Tex. 633, 95 S.W.2d 1300, also McDonald's Texas Civil Practice, Vol. 1, pg. 342 and cases cited.

We cannot agree with the appellant that the foregoing evidence in any manner established that Jones was the agent for any purpose of Texas Employers' Insurance Association. This was an essential and indispensable prerequisite under appellant's pleadings. Without such proof venue could not be sustained in the circumstances under Exception 4, supra. At most the proof shows that appellant merely suspected that Jones was an agent or representative of Texas Employers. The authority of Jones to deliver compensation payments to his employees, as above mentioned, absent other proof, can in nowise be construed as creating the relation of principal and agent for the purposes alleged by appellant.

It needs only a cursory examination of the other above-mentioned exceptions, alleged to be relied upon by appellant for sustaining venue in Dallas County against Jones, to determine that they have no application to the facts in the case at bar. Hence, discussion of them is pretermitted. This is done in all respect, for it is apparent that the appellant is aware of their inapplicability, having bestowed no greater dignity upon them than to set them out in his brief without more ado. He has, however, ably and forcefully presented his contentions under exception 4, supra. Finding no error of the trial court, the judgment is accordingly affirmed.