**MOBIL OIL CORPORATION, Appellant,**

v.

**Nahas FREDERICK, Appellee.**

**No. 18450.**

Court of Civil Appeals of Texas, Fort Worth.

April 23, 1981.

Rehearing Denied May 21, 1981.

(2) *is operated* in substantial compliance with all applicable state and county regula- tions. (Emphasis added).

**324**

Charles C. Gray, Strasburger & Price, and Royal H. Brin, Jr., Dallas, for appellant.

Joe E. Shaddock, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

Nahas Frederick sued Mobil Oil Corporation (Mobil) and L. G. Hogan (Hogan) for damages to Frederick's automobile resulting from repair work conducted by Hogan, for assault and for treble damages under the Deceptive Trade Practices Act. Hogan was the operator of a service station selling Mobil products. Frederick claims Hogan was an agent of Mobil. Mobil claims Hogan was an independent operator.

The jury returned a verdict in favor of Frederick against Mobil and Hogan. Only Mobil appeals.

We reverse and remand.

Frederick alleged that Hogan, while acting as agent for Mobil, had his employees remove the motor from a car Frederick brought in for repair; that Hogan purported to replace it with another motor; that Hogan had the fuel pump replaced three times; replaced the battery three times; replaced the starter twice with two different starters; replaced the distributor two times; replaced the condensor; poured oil through the spark plug holes; caught the car on fire after pouring gasoline into the carburetor while trying to start the engine and again dismantled the engine; and, finally, that Hogan assaulted Frederick, chasing him with a gun.

Frederick sued for the value of his automobile (sold by Hogan under a mechanic's lien); for actual and punitive damages arising from the assault; and for treble damages under the Tex.Bus. & Comm.Code Ann. sec. 17.50(a)(3) (Supp.1980). Frederick alleged that Hogan was an agent of and acting within the course and scope of his employment for Mobil, and that Mobil should be estopped from denying Hogan's agency and authority to act for Mobil under the principle of apparent authority.

Hogan filed a general denial but did not otherwise participate in the trial. Mobil filed a general denial. The case was tried to a jury.

Mobil asserts by its first five points of error that the trial court erred in rendering judgment against Mobil because there was no evidence and the evidence was insufficient to support a judgment finding that Hogan was an agent of Mobil. Mobil also asserts error in the court's exclusion of testimony and exhibits offered which would tend to establish the absence of any agency relationship.

The jury found that Hogan, at the time in question, was acting as an agent of Mobil, that Mobil represented that Hogan was affiliated with Mobil when in fact he was not, and that Mobil by its acts caused Frederick's confusion and misunderstanding as to the sponsorship of Hogan's repair work.

The only evidence offered by Frederick on agency and apparent agency was his testimony. He stated that he came to the station in reliance on the Mobil signs prominently displayed on the outside of the station. We note an absence of evidence establishing that Mobil authorized the use of the signs.

Mobil offered into evidence two exhibits which were excluded on the objection of

irrelevancy, immateriality, and an absence of pleadings. We find error in the exclusion of both exhibits as they each have a direct relevance to the existence of agency and apparent authority.

The first defendant's exhibit excluded is a letter from Frederick to the Attorney General of Texas. In the letter Frederick complains of the mechanic's lien imposed by Hogan on Frederick's automobile. The letter begins: "DEAR SIR: Mr. Larry G. Hogan, owner of the Mobile (sic) Service Station at 9th and Broad, . . . . "

We find error in its exclusion because this letter is material to the issue of apparent authority.

■ The doctrine of apparent authority is based on the doctrine of estoppel. 3 Tex.Jur.3d *Agency* sec. 48 (1980), *Almar-York Co. v. Fort Worth National Bank*, 374 S.W.2d 940, 942 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.). Where one party, by his words or conduct, wilfully causes another to believe in the existence of a certain state of affairs, inducing the other to act on such belief, the former party will be estopped to assert a different state of affairs. See also *Apple v. Standard Oil, Division of American Oil Company*, 307 F.Supp. 107 (N.D.Cal.1969); Restatement of Agency sec. 265 (1933). Here, Frederick claims that Mobil knowingly or through want of ordinary care caused Hogan to be so clothed with the indicia of authority as to lead Frederick to reasonably believe that that authority actually existed.

■ To establish apparent authority Frederick must show acts by Mobil indicating the apparent authority of Hogan as well as reasonable reliance by Frederick on those acts. 3 Tex.Jur.3d *Agency* sec. 51, (1980), *Boyd v. Leasing Associates, Inc.*, 516 S.W.2d 485 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.). The excluded letter would tend to show Frederick's belief that Hogan was not an agent at all, that in fact Frederick believed Hogan owned the station. This would indicate an absence of reasonable reliance on the part of Frederick as to any apparent authority created by Mobil.

■ We also find error in the exclusion of defendant's exhibit # 2. That exhibit was the "Service Station Lease" between Mobil and Hogan and was offered along with the testimony of Charles W. Campling, Mobil's Administrative and Controls Manager for the Southwest Wholesale District.

Frederick objected to the introduction of the lease into evidence on the grounds that "there is no pleadings to warrant any evidence concerning any lease agreement between Mobil and the other defendant." Frederick further objected "there is no pleadings as to any other relationship between the defendants . . . . "

The testimony of Campling regarding the lease indicated that Hogan paid the property tax on the personal property and utility bills at the service station. Hogan paid the employees. Hogan was paid from the profits from the sale of Mobil products and Hogan paid a sales tax. Mobil received no money from the proceeds of car repairs. Mobil did not have a right to exercise control over Hogan or the details of his business and he was an independent businessman.

Tex.R.Civ.P. 93 provides that the denial of an execution by himself or by his authority of any instrument in writing, upon which a pleading is founded, must be denied under oath. Plaintiff did not allege any suit upon an instrument in writing and, therefore, defendant's general denial put in issue the question of agency and scope of employment. *Risinger v. Fidelity and Deposit Co. of Maryland*, 437 S.W.2d 294 (Tex. Civ.App.—Dallas 1969, no writ).

The rule applicable here is well stated in 3 Tex.Jur.3d *Agency* sec. 224 (1980) as follows:

> "In the absence of any allegations in the petition charging the execution of an instrument in writing, a defendant need not deny, in his answer, the fact of agency under oath. . . . "

Likewise, Tex.R.Civ.P. 94, Affirmative Defenses, under the facts in this case, does not require Mobil to plead lack of agency as a defense.

The excluded lease and Campling's testimony indicate the creation of a landlord-tenant relationship between Hogan and Mobil.

The excluded lease between Mobil and Hogan provides in general that Mobil, as landlord, leases to Hogan, as tenant, the premises here involved for a period of one year which lease could be renewed from year to year. The tenant was to pay rental each month of 1.5¢ per gallon of motor fuel delivered to it with a minimum of not less than $450.00 per month. In general, Mobil was to maintain repairs on the premises. The tenant was to keep the sidewalks, curbs, drives, etc., in a safe condition. The tenant was required to keep legible and visible brand names, trademarks and signs of the landlord on the premises.

Mobil's points of error complaining of the exclusions of the above exhibits and testimony are sustained. It was error to exclude this testimony.

Frederick contends that it was not necessary for him to prove actual agency and scope of employment, that all that was required of him was to prove apparent or ostensible agency and authority.

The above five points of error are sustained.

Mobil asserts error of the trial court on the grounds there was no evidence and insufficient evidence to prove that the car involved had a value of $800.00. Plaintiff testified it had such value. On appeal, for the first time, Mobil asserts that no proper predicate had been laid. This point is overruled.

■ Mobil asserts error of the trial court in awarding exemplary damages. The petition and evidence indicate that Hogan assaulted Frederick with a gun. This would give rise to exemplary damages against Hogan independent of the other counts in the petition but would not be grounds for awarding such damages against Mobil unless Hogan was the agent of Mobil and had authority to so act. *Magnolia Petroleum Co. v. Guffey*, 129 Tex. 293, 102 S.W.2d 408 (Tex.Comm'n App.1937, opinion adopted).

The jury found that Frederick was damaged in the sum of $2,000.00 for assault. The trial court did not award such damages against either Hogan or Mobil. Frederick, by cross point, asserts error in the trial court in not awarding exemplary damages for assault. The judgment against Hogan is not here on appeal. Whether Mobil is liable for damages for assault will be determined upon retrial and the question of whether Hogan was the agent of and acting in the course of his authority with Mobil in committing the assault. See *Magnolia Petroleum Co. v. Guffey, supra.*

In the trial court judgment was rendered against Mobil and in turn, judgment was rendered for Mobil against Hogan for such sums that Mobil might be required to pay as a result of the judgment against Mobil. Since we are reversing this case, the indemnifying judgment described above is vacated by operation of law.

Reversed and remanded.