Teresa STEWART, Susan Thompson, Peggy Schulte, Gladys Vasquez, Heather Carroll, Rachael Wood and Michelle Woodman, Appellants,

v.

LEXICON GENETICS, INC., Appellee.

No. 09–08–00180–CV.

Court of Appeals of Texas, Beaumont.

Submitted on Dec. 8, 2008.

Delivered Feb. 12, 2009.

Ben L. Dyer, Cypress, for appellants.

Donald J. Horton, Andrews Kurth LLP, Houston, for Appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Teresa Stewart, Susan Thompson, Peggy Schulte, Gladys Vasquez, Heather Carroll, Rachael Wood and Michelle Woodman appeal the summary judgment granted in favor of Lexicon Genetics, Inc.[1] After being discharged from their positions as vivarium technicians at the conclusion of an investigation into breach of showering protocols at an animal research facility, the appellants sued the appellee for false imprisonment, assault and battery, intentional infliction of emotional distress, and negligence in connection with the investigation conducted by Lexicon's managers of corporate security and vivarium operations. The appellants raise fifteen issues. We hold that Lexicon failed to meet its summary judgment burden on the employees' claims for false imprisonment and assault, but find no other error requiring reversal. Accordingly, we affirm the summary judgment granted on the employees' claims for intentional infliction of emotional distress and negligence, but reverse the summary

---

1. Where it is not necessary to identify them individually in this Opinion, we refer to appellants Stewart, Thompson, Schulte, Vasquez, Carroll, Wood and Woodman by their former status as employees of Lexicon.

judgment on the claims for false imprisonment and assault and remand those claims to the trial court.

■ Lexicon filed a traditional motion for summary judgment. *See* Tex.R. Civ. P. 166a(c). In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, evidence favorable to the non-movants will be taken as true, every reasonable inference must be indulged in favor of the non-movants and any doubts must be resolved in their favor. *Id.* at 549. Lexicon raised three grounds in its motion: (1) that the employees' claims for negligence, assault and battery, and false imprisonment are barred by the exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA"); (2) that the employees' claims for negligence are barred by the employment-at-will doctrine; and (3) that the employees' claims for intentional infliction of emotional distress cannot be maintained because they have alleged other common law claims that would provide for the same remedies if they were to prevail.

### TWCA Exclusive Remedy

■ "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer or an agent or employee ... for the death of or a work-related injury sustained by the employee." Tex. Lab.Code Ann. § 408.001(a) (Vernon 2006). The appellants alleged that the managers' actions were performed in the regular course of their work for Lexicon and that the alleged wrongful conduct occurred while the appel-

lants were at work. Although they sustained on-the-job injuries, the appellants contend the TWCA does not apply because of the nature of the injuries they sustained.

■ The TWCA provides for compensation only for injuries to the physical structure of the body. *See* Tex. Lab.Code Ann. § 401.011(26) (Vernon Supp.2008); Tex. Lab.Code Ann. § 406.031(a) (Vernon 2006). The appellants allege they sustained mental trauma injuries only, without any injuries to the physical structure of their bodies. Although they allege they have suffered a substantial disruption to their daily routine, including "stomach problems" and "mild depression," the appellants argue the physical manifestations of their mental anguish injuries fall outside the TWCA because their injuries are "completely mental and emotional."

To support their argument that mental anguish alone is not an "injury" for purposes of the TWCA, the appellants rely on an insurance coverage case that held the term "bodily injury" in an insurance policy did not include "purely emotional injuries." *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex.1997). We find the case to be inapposite. In construing the language in the policy, the *Cowan* court noted that the TWCA was not helpful because the TWCA is to be construed according to the definition supplied by the statute. *Id.* The Supreme Court has "liberally construed" Section 401.011(26) of the Texas Labor Code to include emotional distress that results in malfunctioning of the physical structure of the body. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 609 (Tex.1999). The appellants argue their claims do not fall within the TWCA because they "have specifically not pled for physical pain and/or suffering damages as a result of their physical manifestations of

the mental anguish-type injuries." They cannot avoid the exclusive remedy provision of the TWCA through artful pleading. In this case, the employees alleged work-related injuries so their claims are subject to the exclusive remedy provision.

INTENTIONAL TORT EXCEPTION

 The employees argue that their claims for false imprisonment, assault, intentional infliction of emotional distress and negligence *per se* may all be asserted against their former employer because the TWCA does not bar intentional torts. The TWCA provides the exclusive remedy for workers accidentally injured in the course of their employment. TEX. LAB.CODE ANN. § 408.001(a). The Open Courts Clause of the Texas Constitution prohibits a statutory exemption from common law liability for intentional injuries. TEX. CONST. art. I, § 13; *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981); *Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 739 (Tex.1980). To commit an intentional tort, the employer must have the specific intent to inflict injury. *See Reed Tool Co. v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985). For example, an employer's intentional failure to provide a safe workplace does not rise to the level of intentionally injuring its employees unless the employer believes its conduct is substantially certain to cause the injury. *Id.* at 407.

One of the claims asserted by the employees, however, is not an intentional tort. The employees alleged that Lexicon was negligent: (1) in hiring, retaining, and training the managers; (2) in failing to conduct a reasonable investigation into the alleged shower breaches; and (3) in failing to have reasonable and appropriate safeguards over the security standards in place. In their response to the motion for summary judgment, they state that they are pursuing "negligence *per se* causes of

action for Defendant's failure to follow specific laws designed to protect employees and non-employees from private security departments." The employees argue that Texas recognizes a cause of action for negligence *per se* that is distinct from the simple negligence cause of action that the Supreme Court declined to recognize for negligent investigation of alleged misconduct by at-will employees. *See Tex. Farm Bureau Mut. Ins. Co. v. Sears,* 84 S.W.3d 604, 610 (Tex.2002).

 The exclusive remedy provision of the TWCA bars common law claims for negligence. *Walls Reg'l Hosp. v. Bomar,* 9 S.W.3d 805, 806–07 (Tex.1999). In *Bomar,* a group of nurses argued for application of the "personal animosity" exception to their claims of sexual harassment by a physician with staff privileges at the hospital. *Id.* The nurses alleged the physician harassed them at work while the nurses and the physician were doing their jobs. *Id.* at 807. Although the nurses filed affidavits that stated the physician's assaultive conduct had nothing to do with the nurses' work, the Supreme Court decided their characterizations of the physician's conduct and motives were conclusory and failed to raise a fact issue. *Id.* Here, the employees did not allege that a purely personal dispute with the managers had been transported to the workplace. Their negligence claims are barred by the TWCA. *See* TEX. LAB.CODE ANN. § 408.001(a).

 The employees argue Lexicon is liable for the intentional torts allegedly committed by the two managers who conducted the investigation because the managers were acting in furtherance of Lexicon's business. Generally, the act of an agent, performed within the scope of his or her authority as the agent of the company and in furtherance of the company's business, may be imputed to the company re-

gardless of whether the particular act was authorized and regardless of whether the agent performed the act in the ordinary way. *Magnolia Petroleum Co. v. Guffey,* 129 Tex. 293, 102 S.W.2d 408, 409 (1937). Lexicon argues that to circumvent the exclusive remedy provision of the TWCA, however, the employer itself or an alter ego must be shown to have committed the intentional conduct. *See Urdiales v. Concord Techs. Del., Inc.,* 120 S.W.3d 400, 405–07 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). In *Urdiales,* the court held that the intentional injury exception must be narrowly construed. *Id.* at 406–07. "It would disturb the balance the Workers' Compensation Act achieved if we allowed an employee, injured by the intentional tort of a co-employee, to sue and recover from their employer simply because the tort was committed (1) at work (2) by an employee of the company." *Id.* at 407.

 *Urdiales* relied on the analysis and authorities cited in an election-of-remedies case. *Id.* at 406 (citing *Medina v. Herrera,* 927 S.W.2d 597, 601 (Tex.1996)). In *Medina,* an employee was assaulted on the job by his supervisor. *Medina,* 927 S.W.2d at 599. The employee obtained workers' compensation benefits, then sued the supervisor and the employer. *Id.* The Supreme Court held that the claims against the employer were barred by the election-of-remedies doctrine. *Id.* Noting that it was "far from clear" that "simply because an employee assaults a co-employee in the course and scope of employment, the tort is deemed to be 'the intentional tort of the employer' so as to exclude the injury from the Act's coverage[,]" the

Court suggested that the "mere fact that an employer may be liable for conduct under a theory of respondeat superior . . . should not impute the conduct itself to the employer so as to trigger the exception from workers' compensation coverage." *Id.* at 601. The Supreme Court found the worker's common law claim to be inconsistent with his workers' compensation claim but expressly declined to articulate "a rule for determining when conduct of a corporate agent will be attributable to the corporation for purposes of applying the exception." *Id.* at 601. The Supreme Court did not decide *Medina* on grounds that the alleged tortious conduct had been committed by an agent who was not a vice-principal of the corporation, but an intermediate appellate court did decide *Urdiales* on those grounds. *Compare Medina,* 927 S.W.2d at 601, *with Urdiales,* 120 S.W.3d at 406–07. We also construe the exclusive-remedy provision of the TWCA to require an act of a vice-principal for the intentional tort exception to apply.

A corporation's vice-principals include: (1) corporate officers; (2) those who have authority to employ, direct, and discharge other employees; (3) those engaged in performing the corporation's nondelegable or absolute duties; and (4) those responsible for the management of the whole or a department or a division of the business employees. *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921–22 (Tex.1998).[2] The alleged acts of false imprisonment and assault were alleged to have been committed by Lexicon's manager of corporate security or its manager of vivarium operations. The employees alleged the actions were "performed by Defendant's vice-principals in the regular course of their work for

2. *Ellender* addressed the vice-principal issue in the context of imposing liability for exemplary damages for gross negligence. *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921–22 (Tex.1998). Lexicon does not present any argument for applying a different test for determining whether a person is a vice-principal for purposes of imposing liability for the commission of intentional torts.

Defendant." Lexicon included in its summary judgment evidence the affidavit of its human resources director. The affidavit states that neither of the managers involved in the investigation owns or controls Lexicon. The record reveals no other information about their positions with the company or the duties with which they are entrusted.

■ Because this is a traditional motion for summary judgment, Lexicon is only entitled to judgment if it establishes as a matter of law that the alleged torts were committed by co-employees and not by the corporation through its vice-principals. *See* Tex.R. Civ. P. 166a(c). The summary judgment record does not establish as a matter of law that the managers are not vice-principals of the corporation.[3] Because Lexicon failed to establish its right to judgment as a matter of law, the trial court erred in granting the summary judgment on the grounds that the employees' claims for assault and false imprisonment are barred by the exclusive remedy provision of the TWCA.

Lexicon also moved for summary judgment on the ground that the employees' claims for intentional infliction of emotional distress are barred because the employees asserted other common law remedies based on the same facts and circumstances as their claims for intentional infliction of emotional distress. The employees contend they may assert claims for intentional infliction of emotional distress "to 'fill the gap' of time of when Appellants were not being interrogated and prior to when Ap-

pellants were terminated." On appeal, the appellants argue "Appellants asserted that they were subjected to harsh treatment at times and places outside the interrogations, which would not fall under the times and places associated with their false imprisonment and assault/battery claims." The employees' pleadings regarding intentional infliction of emotional distress state in their entirety, as follows:

> In addition and in the alternative, Defendant's foregoing conduct related to the detentions of Plaintiffs and assault and/or battery on them gives rise to claims for intentional infliction of emotional distress. For further example, [the manager of corporate security] told one or more of the plaintiffs and other interrogation subjects that he knew "how to make them disappear." This threat was passed along to other employees and served to exemplify [his] *modus operandi* of unjustifiable intimidation toward Defendant's female employees in Barrier 2. Such threats and intimidation tactics have no place in a civilized society.

> Defendant also purposefully subjected Plaintiffs to a hostile and intimidating work environment for approximately ten (10) days, whether this amounts to separate claims, a continuation of the aforementioned claims, or merely tends to show some of the nature, extent and duration of Plaintiffs' mental anguish. Rachael's time extended beyond the five other plaintiffs because she was termi-

---

**3.** Lexicon neither moved for summary judgment on the grounds that the managers were not vice-principals as a matter of law, nor challenged the employees' evidence of the vice-principal status of the managers in a no-evidence motion for summary judgment. *See* Tex.R. Civ. P. 166a(i). Lexicon did not move for summary judgment on the ground that as a matter of law the alleged conduct was not false imprisonment and did not pursue a no-evidence motion for summary judgment on the elements of false imprisonment and assault. A summary judgment may be affirmed only on grounds expressly presented in the motion for summary judgment. *McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 340 (Tex. 1993).

**372**

nated approximately ten days to two weeks later.

In addition, by way of further example, Michelle and Gladys apparently made statements to [the managers] during their interrogations, as did another employee, [not a party to this suit] (though the copies of tape recordings provided in discovery are, at this point, legally inaudible). Michelle and Gladys did not make such statements voluntarily or knowingly, in that they were forced to make such statements under duress and without knowledge or understanding of what it means to provide a statement with actual "personal knowledge." It is also now Plaintiffs' understanding that [the non-party employee] also gave her statement under duress or involuntarily and without a full understanding of what it means to provide someone with a statement based on her "personal knowledge."

Being a seasoned former police officer, [the manager of corporate security] obviously knew what he was doing when he attempted to procure, and actually procured, statements from accused individuals and knew how to ensure that statements were made based on actual "personal knowledge." Instead, [the manager of corporate security] did not probe into Michelle's, Gladys' or [the non-party employee's] background knowledge to ensure that their statements were being made with sufficient "personal knowledge" to ensure their accuracy and reliability. His statement-procuring tactics are just one more piece of evidence of how Plaintiffs were intimidated, leading not only to their false imprisonment, assault and negligence claims, but also to this intentional infliction of emotional distress claim. Defendant's actions were intentional and/or reckless, its conduct was extreme and outrageous, and its actions caused Plaintiffs severe emotional distress.

 Intentional infliction of emotional distress is a "gap-filler" tort, created to permit recovery in "those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex.2004). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* For instance, the offensive behavior in *Creditwatch, Inc. v. Jackson,* all stemmed from the chief executive officer's lewd advances. *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 (Tex.2005). Even post-termination attempts to have the employee evicted by a co-worker stemmed from the alleged sexual harassment claim and could not form the basis for an emotional distress claim. *Id.* at 817–18.

 In this case, all of the claims asserted by the employees arise from the investigation conducted by Lexicon's managers. The particular conduct described in the employees' pleadings on intentional infliction of emotion distress includes: (1) intimidating interrogation subjects; (2) subjecting the employees to a hostile work environment during the investigation; and (3) obtaining statements not based on actual personal knowledge. None of the alleged extreme and outrageous conduct is independent of the conduct that forms the basis of the other torts asserted in the petition. Because there are no unrelated facts to support an independent claim for intentional infliction of emotional distress, the trial court did not err in granting summary judgment on the employees' claims for intentional infliction of emotional distress. *See Hoffmann–La Roche,* 144 S.W.3d at 447–48.

## DISCOVERY

■ The employees raise several discovery complaints. First, they contend the trial court abused its discretion in denying their motion to compel discovery on: (1) Lexicon's security protocols; (2) Lexicon's unwritten policies for interviewing employees about a breach of company procedures; and (3) Lexicon's evaluations of the employees, "whether previously disclosed to them or not." The trial court sustained Lexicon's objections to the employees' first requests for production that are mentioned in the employees' brief on appeal. The employees contend the requested discovery is relevant to their claims of false imprisonment because the documents concern whether Lexicon was investigating reasonably credible allegations of dishonesty. *See Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995) ("Employers act within their legal rights in investigating reasonably credible allegations of dishonesty of their employees."). We note, however, that the employees obtained discovery on surveillance of the showers, documents relating to alarms going off in the shower areas, all documents relating to or referring to the investigation conducted by the managers, all documents relating to why the managers commenced their investigation, all correspondence to Lexicon employees regarding who had been compromising the barrier, all documents concerning the managers' conclusions from the investigation, and all policies and procedures existing at the facility while the plaintiffs were employed there. We review a trial court's ruling on a motion to compel discovery under an abuse-of-discretion standard. *Austin v. Countrywide Homes Loans,* 261 S.W.3d 68, 75 (Tex.App.-Houston [1st Dist.] 2008, pet. denied). The appellants have not shown an abuse of discretion by the trial court in denying their motion to compel production of documents.

■ Next, the employees complain that Lexicon failed to properly answer Wood's first set of interrogatories. The trial court denied the relief requested in their second motion to compel. The employees argue that Lexicon failed to support their claims of privilege with evidence. Lexicon objected that each of these interrogatories was either overly broad, not calculated to lead to the discovery of relevant evidence, or exceeded the scope of discovery. On appeal, the employees do not present argument and authorities showing the permissible scope of discovery or explain how Wood's interrogatories were tailored to the issues in the suit. They also fail to supply argument and authority for finding an abuse of discretion by the trial court. The issue is inadequately briefed. *See* TEX.R.APP. P. 38.1(h). The appellants have not shown an abuse of discretion by the trial court in denying their motion to compel responses to Wood's first set of interrogatories.

■ Next, the employees contend the trial court erred in denying their motion to compel responses to their second requests for production, which included 138 separate requests. They complain that Lexicon did not comply with Texas Rule of Civil Procedure 193.2(a) ("The party must state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request."). As to each of the requests, Lexicon either filed objections or referred the plaintiffs to previous discovery responses. In response to the motion to compel, Lexicon noted that many of the requests sought documents that had been produced in response to earlier requests for production. After reviewing the requests for production, the objections to

those requests, and the response to the objections, we hold the trial court did not abuse its discretion when it denied the motion to compel. *See* Tex.R. Civ. P. 192.4; Tex.R. Civ. P. 193.4(b). Furthermore, the appellants have not shown how the trial court's ruling on their motion to compel prevented them from preparing an adequate response to the motion for summary judgment.

Next, the employees argue the trial court erred in denying their motion to compel responses to their first set of requests for admissions. The 88 requests for admission concerned Lexicon's insurance coverage. Lexicon filed a response to the requests. On appeal, the employees provide no argument or authority in support of their claim that the trial court abused its discretion in denying their motion to compel. The issue is inadequately briefed. *See* Tex.R.App. P. 38.1(h). The appellants have not shown an abuse of discretion by the trial court in denying their motion to compel addition responses to their requests for admissions.

 Finally, the appellants contend the trial court erred in denying their second motion to compel production of documents. The employees attached 33 requests for production to its notice of deposition of a non-party employee of Lexicon. Lexicon filed objections and responses. According to Lexicon, many of the requests concerned documents that were not in the deponent's possession or which had previously been produced in response to earlier discovery requests. On appeal, the appellants argue that the documents relate to whether Lexicon was investigating reasonably credible allegations of dishonesty and admit that the discovery of the information had previously been ordered from Lexicon in response to the employees' first motion to compel. The appellants have not shown

an abuse of discretion by the trial court in denying their motion to compel production of documents from the non-party. *See Austin v. Countrywide Homes Loans,* 261 S.W.3d at 75.

We affirm the summary judgment granted on the employees' claims for intentional infliction of emotional distress and negligence, but reverse the summary judgment on the claims for false imprisonment and assault and remand those claims to the trial court.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.