**McCORMICK MARKETING, INC., Appellant,**

v.

**CITY OF COLORADO CITY, Texas, Appellee.**

**No. 11–00–00190–CV.**

Court of Appeals of Texas, Eastland.

Jan. 11, 2001.

---

Gary R. Terrell, Law Offices of Gary Terrell, Lubbock, for appellant.

Jeannie R. Fuller, T.L. Rees, Rees & Rees, Colorado City, for appellee.

Panel consists of WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

Opinion

BOB DICKENSON, Senior Justice (Assigned).

McCormick Marketing, Inc. filed suit pursuant to the Declaratory Judgment Act,[1] seeking a declaration that it had an enforceable tax abatement agreement with the City of Colorado City, Texas. Colorado City moved for summary judgment on the grounds, among others, that there was no contract executed in compliance with the statute which authorizes municipal tax abatement agreements.[2] The trial court granted the motion for summary judgment. We affirm.[3]

*Summary Judgment Proof*

The summary judgment proof before this court shows that there is no dispute about the following facts. The city council of Colorado City considered McCormick Marketing's tax abatement request on March 8, 1994. The minutes for that meeting show that the chamber of commerce screening committee had voted unanimously "to grant McCormick Marketing 10 years, 100% abatement" on its property at Interstate Highway 20 and State Highway 208. The reason for the tax abatement was to encourage McCormick Marketing to spend $750,000 to $850,000 on that property. McCormick Marketing told the city council that this would result in three new businesses which would employ 20 to 24 people, that these businesses would generate a gross income of $100,000, and that this would increase the city's sale tax revenue. The motion to grant the abatement was adopted by a vote of five to one, with the mayor voting against the motion.

There was no written agreement to implement the resolution. After McCormick Marketing made the improvements on its

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. See TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1997 and Supp. 2001).

2. See TEX.TAX CODE ANN. § 312.204 (Vernon Supp.2001). The 1995 amendment does not affect this appeal. See also TEX. TAX CODE ANN. §§ 312.201, 312.202, 312.205, and 312.207 (Vernon 1992 and Supp.2001).

3. The motion to dismiss the appeal is overruled. Payment of the back taxes did not make the case moot. See *Highland Church of Christ v. Powell*, 640 S.W.2d 235 (Tex.1982).

property, Colorado City refused to grant the tax abatement.[4]

### The Controlling Statutes

■ Section 312.204 authorizes the governing body of a municipality to enter into tax abatement agreements with the owners of taxable real property "that is located in a reinvestment zone" to exempt from taxation a portion of the value of that property (and tangible personal property located on that property) "for a period not to exceed 10 years" on the condition that the owner of the property make specific improvements or repairs to the property. The exemption is "only to the extent its [improved value] exceeds its value *for the year in which the agreement is executed.*" (Emphasis added)

There was no "reinvestment zone" created by Colorado City in compliance with Section 312.201. There was no tax abatement agreement which included the specific terms which "must" be included pursuant to Section 312.205. Further, there was no formal agreement "executed in the same manner as other contracts made by the municipality." See Section 312.207.

### Municipal Estoppel

■ McCormick Marketing cites *City of Corpus Christi v. Gregg,* 155 Tex. 537, 289 S.W.2d 746 (1956), in support of its contention that Colorado City is estopped to refuse the tax abatement which its city council authorized because McCormick Marketing had made the required improvements to its property. In that case, the supreme court noted that the City of Corpus Christi had been acting in its "proprietary capacity and not in its governmental capacity" when it made the oil and gas leases which were in dispute. *City of*

*Corpus Christi v. Gregg, supra* at 750. For that reason, Corpus Christi was "subject to the legal principles of estoppel." *City of Corpus Christi v. Gregg, supra* at 750. In the case before us, Colorado City was acting in its governmental capacity.

■ McCormick Marketing also cites *City of San Angelo v. Deutsch,* 126 Tex. 532, 91 S.W.2d 308 (1936). *Deutsch* followed the general rule that "cities are not liable for the unauthorized or negligent acts of their officials in the performance of the city's governmental functions." *City of San Angelo v. Deutsch, supra* at 309. *Deutsch* noted an exception to that rule that "the city may not, after having accepted benefit from the unauthorized act, repudiate it." *City of San Angelo v. Deutsch, supra* at 312. Equitable estoppel requires *reasonable reliance* by the party claiming the benefit of estoppel, and the record shows that no formal contract was ever executed pursuant to the statutes which authorize tax abatement agreements. Further, the record shows that the property was not in a "reinvestment zone" as required by Section 312.204.

McCormick Marketing also relies on *International Bank of Commerce of Laredo v. Union National Bank of Laredo,* 653 S.W.2d 539, 546 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.), which states that "estoppel against a city" can apply when the contract is "within the power of the city to make" and that the city has retained the benefits of the contract after permitting the other party to spend its funds in reliance on the contract. Here, Colorado City did not follow the statutes which permit tax abatement agreements. Consequently, it did not have the power to make the agreement upon which McCor-

---

4. There are disputed facts about the reason Colorado City refused to execute a Tax Abatement Agreement for this property, but those facts are not material to the disposition of this appeal.

mick Marketing relies. There can be no reasonable reliance when there is no compliance with the statutes which authorize tax abatement. The sole point of error is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.