COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-094-CV

 

 

TEXAS ETHICS COMMISSION                                                APPELLANT

 

                                                   V.

 

TOBY GOODMAN                                                                   APPELLEE

 

                                              ------------

 

           FROM
THE 324TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








The sole
issue we address in this summary judgment appeal is whether Appellee Toby
Goodman conclusively established that he reasonably relied upon Advisory
Opinion No. 319[2]
in defense of his prosecution by the Texas Ethics Commission (TEC).  Because, for the reasons set forth below and
based on the summary judgment record before us, we answer this issue in the
affirmative, we will affirm the trial court=s
summary judgment.

II.  Advisory Opinion  319

In April
1996, the TEC issued Advisory Opinion 319. 
That opinion, in its entirety, is set forth below.

ETHICS ADVISORY OPINION NO. 319

April 19, 1996

Whether
a legislator may use political contributions to pay rent and maintenance fees
for a condominium in Travis County that the legislator=s wife
owns as separate property.  (AOR-350)

The Texas Ethics Commission has been asked whether a legislator may
use political contributions to pay rent and maintenance fees for a condominium
in Travis County that the legislator=s wife owns as separate property.  There are two issues presented by that
question: whether such payments constitute a conversion of political
contributions to personal use in violation of section 253.035 of the Election
Code and whether such payments constitute a use of political contributions to
purchase real estate in violation of section 253.038 of the Election Code.

 








Although a legislator may not convert political contributions to
personal use, a legislator who does not ordinarily reside in Travis County may
use political contributions to pay Areasonable housing or household expenses incurred
in maintaining a residence in Travis County.@  Elec.
Code ' 253.035(a),
(d)(1).  Such payments are reportable
officeholder expenditures.  See id.
'' 251.001(9),
254.031(3), (6).  The question here is
whether such payments are permissible even if made to a legislator=s spouse.

 

The Ethics Commission has stated that a candidate or officeholder may
use political contributions to reimburse himself for the use of personal assets
for campaign or officeholder purposes. 
Ethics Advisory Opinions Nos. 129, 116 (1993).  Similarly, it is permissible for a candidate
or officeholder to use political contributions to pay a family member for the
use of the family member=s assets for campaign or
officeholder purposes.  Any such
reimbursement should be based on the fair market value of the use of an
asset.  A conversion of political
contributions to personal use would occur if a legislator paid his spouse more
than fair market value for the use of her real property for officeholder
purposes.

 

Although the personal-use restriction in section 253.035 of the
Election Code does not prohibit a legislator from using political contributions
to pay his spouse fair market value for the use of the spouse=s assets for officeholder
purposes, it has been suggested that the payments at issue here are prohibited
under section 253.038 of the Election Code, which prohibits the use of
political contributions to purchase real property or to pay the interest on or
principal of a note for the purchase of real estate. [FN 1]

 

The real property in question
here is the separate property of the legislator=s
spouse.  In Texas a married person has
the sole management, disposition, and control over his or her separate
property.  Tex. Const. art. XVI, ' 15;
Fam. Code ' 5.21.  A man who pays rent to his spouse for the use
of real property does not thereby acquire or Apurchase@ an
interest in that property.  Consequently,
a legislator=s use of political contributions
to make a rental payment to his spouse for the use of her separate rental
property does not constitute a payment to purchase real property and does not
violate section 253.038 of the Election Code.








SUMMARY

A legislator=s use of political
contributions to make a rental payment to his spouse for the use of her
separate property does not constitute a payment to purchase real property and
does not violate section 253.038 of the Election Code.  Nor is such a payment a conversion to
personal use as long as the payment does not exceed the fair market value of
the use of the property.

 

                                                                                         
     

 

[FN1]The prohibition on the use of political contributions to purchase
real property or to make payments on a note for the purchase of real property
does not apply to a payment made in connection with real property purchased
before January 1, 1992. In the absence of an agreement to the contrary, income
from separate property is community property. 
Tex. Const. art. XVI, ' 15. 
Although in this case the legislator may have a community interest in
the rent payments, the legislator does not acquire an interest in the real
property by virtue of those payments.

 

Op. Tex. Ethics Comm=n No.
319 (1996) (emphasis added).[3]

 

 








III.  Factual Background

Goodman
was elected to the Texas House of Representatives in 1990 and served in that
capacity until January 2007.  During
Goodman=s
service as a legislator, he claimed Tarrant County as his primary residence.

In 1999,
Goodman and his wife purchased a condominium in Travis County.  Both Goodman and his wife signed a note on
the property.  The day after purchasing
the condominium, Goodman conveyed all of his interest in the condominium to his
wife by executing a special warranty deed and made the condominium her separate
property via a partition agreement.

Goodman
rented the condominium from his wife and utilized it when he was in Austin
working as a State Representative.  He
paid rent to his wife from his political contributions.  In 2003, Goodman=s wife
sold the condominium.

In 2004,
Goodman and his wife purchased a house in Cedar Park, in Williamson County, the
county just north of Travis County. 
Again, Goodman transferred his interest in the house to his wife by a
special warranty deed and made the house her separate property via a partition
agreement.  Again, Goodman rented the
house from his wife and utilized it when he was in Austin working as a State
Representative.








In
August 2006, a citizen filed a complaint against Goodman with the TEC, alleging
that Goodman had violated section 253.035 and the then-applicable version of
section 253.038 of the election code by making payments from political
contributions to purchase real property or to pay interest or principle on a
note for the purchase of real property.

Ultimately,
the TEC entered a final order determining that Goodman had violated section
253.035 and the then-applicable version of section 253.038 of the election code
and imposed a $10,000 civil penalty against Goodman.  Pursuant to section 571.133 of the government
code, Goodman perfected an appeal of the TEC=s final
decision by filing suit in a Tarrant County district court for a trial de novo.

In due
course, Goodman moved for summary judgment in the trial court.  Goodman asserted that his summary judgment
evidence conclusively established his affirmative defense of reasonable
reliance on Advisory Opinion 319. 
Goodman attached various items of summary judgment evidence to his
motion, including his own affidavit.  In
his affidavit, Goodman disclosed that after learning of Advisory Opinion 319,
he had contacted the TEC and discussed that opinion with a staff member;
according to Goodman, he forwarded drafts of the special warranty deed and
partition agreement relating to the condominium to the TEC to obtain its input
concerning the documents.








The TEC
filed a response to Goodman=s motion
for summary judgment. The only controverting summary judgment evidence attached
to the TEC=s response was a short, one-page
affidavit of a TEC staff attorney who swore that he had Afound no
document or correspondence to, from, or concerning Mr. Goodman that indicates
that Mr. Goodman contacted Texas Ethics Commission staff or a member of the
Texas Ethics Commission in 1999 to discus Advisory Opinion 319, a Partition
Agreement, or a Special Warranty Deed.@

The
trial court granted Goodman=s motion
for summary judgment.  The TEC perfected
this appeal.  In a single issue, the TEC
asserts that summary judgment was improper because a genuine issue of material
fact exists on whether Goodman reasonably relied upon Advisory Opinion 319.

IV.  Summary Judgment Standard of Review








A
defendant is entitled to summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense.  Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P. 166a(b), (c).  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2003).

V.  Summary Judgment on Goodman=s

Reasonable
Reliance Affirmative Defense

 

A.     Statutory Construction of the Reasonable Reliance Defense

The
purpose of a TEC advisory opinion is not to make specified conduct illegal; the
effect of a TEC advisory opinion is to provide those who reasonably rely on the
opinion a defense in an action to impose a civil remedy.  See Op. Tex. Ethics Comm=n No.
147 (1993).  In connection with
prosecutions by the TEC, the government code provides: 

It is a defense to prosecution
or to imposition of a civil penalty that the person reasonably relied on a
written advisory opinion of the commission relating to the provision of the law
the person is alleged to have violated or relating to a fact situation that is
substantially similar to the fact situation in which the person is involved.

Tex. Gov=t Code
Ann. ' 571.097
(Vernon 2004).  Goodman moved for summary
judgment, alleging that he had conclusively established the defense of his
reasonable reliance on Advisory Opinion 319. 
We engage in a statutory construction of government code section 571.097
to determine the elements of the reasonable reliance defense.








The
meaning of a statute is a legal question, which we review de novo to ascertain
and give effect to the legislature=s
intent.  Entergy Gulf States, Inc. v.
Summers, 282 S.W.3d 433, 437 (Tex. 2009); F.F.P. Operating Partners.,
L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex. 2007).  Where the text is clear, the text is
determinative of that intent.  Entergy,
282 S.W.3d at 437 (citing State v. Shumake, 199 S.W.3d 279, 284 (Tex.
2006) (A[W]hen
possible, we discern [legislative intent] from the plain meaning of the words
chosen.@)).  This general rule applies unless enforcing
the plain language of the statute as written would produce absurd results.  Id. 
Therefore, our practice when construing a statute is to recognize that
the words the legislature chooses should be the surest guide to legislative
intent.  Id.  (construing in summary judgment context the
statutory exclusive remedy defense set forth in the labor code); see also Tex.
Gov=t Code
Ann. '
311.002(1) (Vernon 2005) (stating that the Code Construction Act applies to . .
. Aeach
code enacted by the 60th or a subsequent legislature as part of the state=s
continuing statutory revision program@); Act
of April 30, 1993, 73rd Leg., R.S., ch. 268, ' 1, 1993
Tex. Gen. Laws 583, 623 (recodifying defense for reliance on advisory opinion
from Tex. Rev. Civ. Stats. Ann. art. 6252-9d.1, '
1.30(a)) (current version at Tex. Gov=t Code
Ann. ' 571.097
(Vernon 2004)).








With
these principles in mind, we examine the words of section 571.097=s reasonable
reliance defense.  By the plain meaning
of the words the legislature chose to utilize in section 571.097, the
legislature created a defense to prosecution or to imposition of a civil
penalty when a person reasonably relies on a written advisory opinion of the
TEC.  See Tex. Gov=t Code
Ann. ' 571.097.  The plain terms of the statute indicate that
reliance is reasonable when (1) the written opinion relates to the provision of
the law the person is alleged to have violated, (2) the written opinion relates
a fact situation substantially similar to the fact situation in which the
person is involved, or (3) both.  See
Entergy, 282 S.W.3d at 437B38
(construing language of statutory defense in summary judgment context).

This
construction of the plain language of section 571.097 is consistent with the
stated purpose of an advisory opinion, which is to provide a defense to those
who reasonably rely on the opinion.  See
Op. Tex. Ethics Comm=n No. 147.  Enforcing this construction of the plain
language of section 571.097 does not produce absurd results; to the contrary,
the logical result of the statute is that reliance on a written opinion of the
TEC is reasonable when the written opinion relates to the same provision of the
law allegedly violated, when the facts of the written opinion are substantially
similar to the facts at issue, or both.  See
Tex. Gov=t Code
Ann. '
571.097.








The TEC
urges us to construe section 571.097=s Areasonable
reliance@
requirement as equivalent to the reasonable reliance a plaintiff must prove to
establish promissory estoppel, equitable estoppel, a defendant=s
apparent authority, or that a defendant must prove to establish a mistake of
law defense in a criminal case.  See
Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 865 (5th Cir. 1999)
(promissory estoppel); McCormick Mktg., Inc. v. City of Colorado City,
42 S.W.3d 162, 164B65 (Tex. App.CEastland
2001, no pet.) (equitable estoppel); Mobil Oil Corp. v. Frederick, 615
S.W.2d 323, 325 (Tex. Civ. App.CFort
Worth 1981), aff=d in
part, rev=d in part on other grounds, 621
S.W.2d 595 (Tex. 1981) (defendant=s
apparent authority); Harrison v. State, No. 02-07-00007-CR, 2007 WL
4292425, *5B6 (Tex. App.CFort
Worth Dec. 6, 2007, pet. ref=d) (not
designated for publication) (mistake of law in defense in criminal case).  Contrary to these common law notions of
reasonable reliance and to the penal code provision dealing with the mistake of
law defense, government code section 571.097 expressly sets out when reliance
on a TEC opinion is reasonable, and that is when the TEC=s
written opinion relates to the provision of the law the person is alleged to
have violated, the written opinion relates a fact situation substantially
similar to the fact situation in which the person is involved, or both.  Tex. Gov=t Code
Ann. '
571.097.

We next
examine the summary judgment evidence to determine whether Goodman conclusively
established these elements of his reasonable reliance affirmative defense.








B.     The Summary Judgment Evidence Before the Trial Court

In a
trial de novo from a TEC final order, A[t]he
reviewing trial court shall try all issues of fact and law in the manner
applicable to other civil suits@ and Amay not
admit in evidence the fact of prior action by the [TEC] or the nature of that
action.@  See Tex. Gov=t Code
Ann. '
571.133(d) (Vernon Supp. 2009).  Although
Goodman filed his suit on April 10, 2008, the parties did not engage in written
discovery, and no depositions were taken. 
Thus, no such evidence was available for use as summary judgment
evidence.








Goodman
attached seventeen exhibits to his December 11, 2008 motion for summary
judgment, including his own affidavit, a certified copy of Advisory Opinion
319, and various documents concerning the purchase of the properties at issue,
the transfer of the properties to his wife, and the partition agreements.[4]  As previously mentioned, the TEC filed as
controverting summary judgment evidence only a short, one-page affidavit of a
TEC staff attorney who swore that he had Afound no
document or correspondence to, from, or concerning Mr. Goodman that indicates
that Mr. Goodman contacted Texas Ethics Commission staff or a member of the
Texas Ethics Commission in 1999 to discuss Advisory Opinion 319, a Partition
Agreement, or a Special Warranty Deed.@  On appeal, both parties agree that Goodman=s
purported verbal communications with the TEC are not relevant because section
571.097=s
reasonable reliance defense is predicated on reasonable reliance on a written
advisory opinion issued by the TEC. 
Thus, because the TEC=s only
summary judgment evidence simply controverts the existence of any verbal
communications between Goodman and the TECCand this
evidence is not relevant to any reliance by Goodman on written Advisory Opinion
319Cthe TEC
filed no relevant controverting summary judgment evidence.[5]








C.     Goodman=s
Uncontroverted Summary Judgment Evidence Conclusively Establishes the
Reasonable Reliance Affirmative Defense

1.     TEC=s
allegations against Goodman

The TEC
alleged that Goodman violated election code section 253.035 and the
then-applicable version of section 253.038. 
Section 253.035 prohibits a person who accepts a political contribution
as an officeholder from converting the contribution to personal use. Tex. Elec.
Code Ann. ' 253.035(a) (Vernon 2003).  APersonal
use@ is
defined as Aa use that primarily furthers
individual or family purposes not connected with the performance of duties or
activities as a . . . holder of a public office.@ Id.
' 253.035(d).  But, Apersonal
use@ is
expressly defined not to include

payments made to defray ordinary and necessary expenses incurred in
connection with activities as a candidate or in connection with the performance
of duties or activities as a public officeholder, including payment of rent,
utility, and other reasonable housing or household expenses incurred in
maintaining a residence in Travis County by members of the legislature who do
not ordinarily reside in Travis County, but excluding payments prohibited under
Section 253.038.

 








Id.  At the time, election code section 253.038
prohibited an officeholder from knowingly making or authorizing payment from a
political contribution to purchase real property or to pay the interest on or
principal of a note for the purchase of real property.  See Act of May 27, 1991, 72nd Leg.,
R.S., ch. 304, ' 5.07, 1991 Tex. Gen. Laws 1290,
1325 (amended 2007). 

2.     Summary Judgment Evidence on Elements of
Reasonable Reliance                Defense

As set
forth above, the reasonable reliance defense created by the legislature
requires that a person reasonably rely upon a written advisory opinion of the
TEC and explains that reliance is reasonable when the opinion relates to the
provision of the law that the person is alleged to have violated, the opinion relates
a fact situation substantially similar to the fact situation in which the
person is involved, or both.  See
Tex. Gov=t Code
Ann. ' 571.097.

a.      Reliance








Concerning
the first element, Goodman=s
affidavit affirmatively swears that he relied on Advisory Opinion 319 in
executing the special warranty deed conveying his interest in the Travis County
condominium at issue to his wife, in executing the partition agreement making
the condominium her separate property, in executing the special warranty deed
conveying his interest in the Cedar Park home to his wife, and in executing the
partition agreement making the Cedar Park home her separate property.  Goodman=s
affidavit further provides that A[f]rom
1999 until September 2005, and in reliance on the Opinion, I made rental
payments to my wife in various amounts from funds on deposit in the
officeholder/campaign account to pay rent, maintenance fees, household
expenses, and housing costs as I do not ordinarily reside in Travis County,
Texas.@ 

Goodman=s
testimony that he relied upon Advisory Opinion 319 is uncontradicted, clear,
direct and positive, and free from inaccuracies and circumstances tending to
cast suspicion on it.  See, e.g., Ragsdale
v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990).  Indeed, the TEC does not dispute that Goodman
relied upon Advisory Opinion 319; rather, the TEC contends that Ain this
case there are genuine issues of fact as to whether Goodman=s
reliance on EAO 319 was reasonable.@  Based on the summary judgment evidence in the
record, Goodman conclusively established that he relied upon Advisory Opinion
319.  We next examine the reasonableness
of Goodman=s reliance.








b.     Reasonableness of Reliance[6]

Concerning
the second element of the affirmative defense, the reasonableness of reliance,
Goodman=s
summary judgment evidence conclusively establishedCvia the
certified copy of Advisory Opinion 319 attached to his summary judgment motionCthat Advisory
Opinion 319 relates specifically to election code section 253.035(a) and to
former section 253.038(a), the same provisions of the law that Goodman was
alleged to have violated.[7]  See Tex. Gov=t Code
Ann. '
571.097; Tex. Elec. Code Ann. ' 253.035(a);
Act of May 27, 1991, 72nd Leg., R.S., ch. 304, ' 5.07,
1991 Tex. Gen. Laws 1290, 1325 (amended 2007) (current version at Tex. Elec.
Code Ann. '253.038(a-1)(1)).








We next
examine whether Goodman=s summary judgment evidence
conclusively established that his reliance was reasonable because Advisory
Opinion 319 relates Ato a fact situation that is
substantially similar to the fact situation in which the person [Goodman] is
involved.@ 
See Tex. Gov=t Code
Ann. '
571.097.  This brings us to the heart of
the TEC=s argument
in this appeal.  The TEC argues that
Goodman=s
reliance on Advisory Opinion 319 was not reasonable because Advisory Opinion
319 does not relate to a fact situation that is similar to Goodman=s.  The TEC points out two factual differences
between the situation addressed in Advisory Opinion 319 and Goodman=s
situation.  First, the TEC points out
that Goodman signed a note on the Travis County condominium and, subsequently,
on the Cedar Park home and that this fact distinguishes Goodman=s
situation from the situation presented in Advisory Opinion 319.  Second, the TEC claims that Advisory Opinion
319 addressed a legislator=s rental
of his spouse=s separate property located in
Travis County and the fact that the Cedar Park home rented by Goodman was
across the Travis County line distinguishes Goodman=s
situation from the situation presented in Advisory Opinion 319.








We first
note that the reasonable reliance defense promulgated by the legislature does
not authorize an officeholder or candidate to rely on advisory opinions only
when the opinion presents facts identical to those in which the person being
prosecuted by the TEC is involved. 
Rather, the legislature chose to create a defense when the TEC advisory
opinion relates Ato a fact situation that is
substantially similar to the fact situation in which the person is
involved.@ 
See Tex. Gov=t Code
Ann. ' 571.097
(emphasis added).  We examine Advisory
Opinion 319 to determine whether Goodman=s
summary judgment evidence establishing that he signed a note on the Travis
County condominium and the Cedar Park house make his situation not
substantially similar to the situation in that opinion.

The TEC
argues that because Goodman remained liable on the notes he signed on the
Travis County condominium and the Cedar Park home, he Aretained
a financial interest in the properties because each payment that he made to his
wife as >rent=
ultimately benefitted him and his liability on the promissory notes.  Accordingly, because Goodman remained liable
for the debt, the use of political contributions as rent directly benefitted
him.@  The problem with the TEC=s
argument is that the TEC submitted no controverting summary judgment evidence
in the trial court.  No summary judgment
evidence exists in the record establishing how Goodman=s wife
used the rent payments he made to her for rental of her separate property.  The summary judgment evidence conclusively
establishes that Goodman used political contributions to pay rent to his wife
for the rental of her separate property, not that he used political
contributions to make payments on a note.








More
importantly, nothing in Advisory Opinion 319 indicates that the rent paid by
the legislator to rent his wife=s
separate property was not used by the wife to discharge a joint obligation of
the couple for the purchase of the rental property or other real property, such
as the couple=s home.  Instead, Advisory Opinion 319 explains and
concludes:

[T]he personal-use restriction in section 253.035 of the Election Code
does not prohibit a legislator from using political contributions to pay his
spouse fair market value for the use of the spouse=s assets for officeholder
purposes, it has been suggested that the payments at issue here are prohibited
under section 253.038 of the Election Code, which prohibits the use of
political contributions to purchase real property or to pay the interest
on or principal of a note for the purchase of real estate. [Footnote
omitted.]

 

The real property in question
here is the separate property of the legislator=s
spouse.  In Texas a married person has
the sole management, disposition, and control over his or her separate
property.  Tex. Const. art. XVI, ' 15;
Fam. Code ' 5.21.  A man who pays rent to his spouse for the use
of real property does not thereby acquire or Apurchase@ an
interest in that property.  Consequently,
a legislator=s use of political contributions
to make a rental payment to his spouse for the use of her separate rental
property does not constitute a payment to purchase real property and does not
violate section 253.038 of the Election Code.








Op. Tex. Ethics Comm=n No.
319 (emphasis added).  And finally,
Advisory Opinion 319 summarizes its holding that a legislator=s use of
political contributions to make a rental payment to his spouse for the use of
her separate property Adoes not constitute a payment to
purchase real property and does not violate section 253.038 of the Election
Code.  Nor is such a payment a conversion
to personal use as long as the payment does not exceed the fair market value of
the use of the property.@ 
We cannot agree with the TEC that the fact situation presented by
Advisory Opinion 319 is not substantially similar to the fact situation in
which Goodman is involved.  To the contrary,
the summary judgment evidence submitted by Goodman conclusively establishes
that his situation is substantially similar to the situation presented and
addressed in Advisory Opinion 319.








Next,
the TEC argues that Advisory Opinion 319 is not substantially similar to
Goodman=s
situation because the rental property at issue in that opinion was located in
Travis County while Goodman=s Cedar
Park home is located just across the Travis County line in Williamson
County.  The TEC did not raise this issue
in the trial court as a basis for defeating Goodman=s
affirmative defense of reasonable reliance.  Nonetheless, the TEC argues on appeal that
Advisory Opinion 319 is limited in application to situations involving Travis
County rental properties owned as separate property by a legislator=s spouse
and is not applicable to Williamson County rental properties owned as separate
property by a legislator=s spouse.  The TEC argues that the situation in Advisory
Opinion 319 Aimplicated the >safe
harbor=
provision of Texas Election Code Section 253.035(d)(1), while Goodman=s
payments on the Williamson County property would not.@  An examination of the Asafe
harbor@
provision of the election code section at issue conclusively establishes that
it is not limited to residences in Travis County.

The Asafe
harbor@
provision referenced by the TEC provides, in pertinent part:

In this section, Apersonal use@ means a use that primarily furthers individual
or family purposes not connected with the performance of duties or activities
as a candidate for or holder of a public office.  The term does not include:

 

(1) payments made to defray
ordinary and necessary expenses incurred in connection with activities as a
candidate or in connection with the performance of duties or activities as a
public officeholder, including payment of rent, utility, and other
reasonable housing or household expenses incurred in maintaining a residence in
Travis County by members of the legislature who do not ordinarily reside in
Travis County.








Tex. Elec. Code Ann. '
253.035(d) (emphasis added).  Applying
the Code Construction Act to this statute, it is fundamental that the word
emphasized above, Aincluding,@ is a Aterm[]
of enlargement and not of limitation or exclusive enumeration, and use of the
term[] does not create a presumption that components not expressed are
excluded.@ 
Tex. Gov=t Code Ann. ' 311.005(13)
(Vernon 2005); see also Osterberg v. Peca, 12 S.W.3d 31, 38 (Tex.)
(applying Code Construction Act to provisions of election code), cert.
denied, 530 U.S. 1244 (2000).  Thus,
we cannot presumeCand in fact we are expressly
prohibited by statute from presumingCthat by
specifically listing payment of rent, utility, and other reasonable housing
expenses incurred in maintaining a residence in Travis County, the legislature
intended to exclude payment of such expenses incurred in maintaining a
residence in adjoining Williamson County. 
See id.  Accordingly, as a
matter of law, the distinction that the TEC attempts to draw between Travis
County rental property owned as separate property by a legislator=s spouse
in Advisory Opinion 319 and the Williamson County rental properties owned as
separate property by Goodman=s wife
is nonexistent.

Because
the summary judgment evidence in the record before us conclusively establishes
each element of Goodman=s affirmative defense of
reasonable reliance on Advisory Opinion 319, we overrule the TEC=s sole
issue on appeal. 

VI.  Conclusion

Having
overruled the TEC=s sole issue on appeal, we
affirm the trial court=s judgment.  See Tex. R. App. P. 43.2(a). 

 

SUE WALKER

JUSTICE

 

PANEL:  LIVINGSTON and WALKER,
JJ.

 

DELIVERED:  January 28, 2010











[1]See Tex. R. App. P. 47.4
(providing that Aan opinion must be a
memorandum opinion unless it does any of the following@ and listing four
circumstances, none of which are applicable here in light of changes to the
election code). 





[2]Hereinafter referred to
as Advisory Opinion 319.





[3]In 2007, the legislature
in effect overruled Advisory Opinion 319 by amending section 253.038 of the
election code to expressly prohibit an officeholder from using a political
contribution to pay rent to a business related to the officeholder or Aa person related within
the second degree by consanguinity or affinity . . . to the . . . officeholder.@  See Tex. Elec. Code Ann. ' 253.038(a-1)(1) (Vernon
Supp. 2009).  We are required, however,
to apply the law as it existed at the time of Goodman=s alleged violation.  See Act of May 27, 2007, 80th Leg.,
R.S., ch 1087, ' 3, 2007 Tex. Gen. Laws
3712, 3712B13 (providing that A[a] payment made from
political contributions before September 1, 2007, is governed by the law in
effect on the date the payment was made, and the former law is continued in
effect for that purpose@).





[4]Thus, the summary
judgment evidence before the trial court consisted of the following filed by
Goodman: 

 

Exhibit A: Affidavit of
Toby Goodman and Attached Exhibits:

A-1.  A certified copy of Texas Ethics Commission
Ethics Advisory              Opinion 319.

A-2.  Special Warranty Deed dated February 19, 1999.

A-3.  Partition Agreement dated February 22, 1999.

A-4.  Travis County Tax and Appraisal Statements.

A-5.  Special Warranty Deed dated October 23, 2003,
and made                 effective October
31, 2003.

A-6.  General Warranty Deed dated March 26, 2004.

A-7.  Promissory Note dated March 26, 2004.

A-8.  Deed of Trust dated March 26, 2004

A-9.  Special Warranty Deed dated March 27, 2004.

A-10.  Partition Agreement dated March 27, 2004.

A-11.  Williamson County Tax and Appraisal
Statements.

Exhibit B:  Affidavit of Robert Martin, Ph.D.

Exhibit C:  Texas Ethics Commission Rules, Ch.12-A ' 12.5.

Exhibit D:  Sworn Complaint Before Texas Ethics
Commission.

Exhibit E:  Texas Ethics Commission Final Order.

Exhibit
F:  Texas Ethics Commission Letter dated
March 11, 2008.





[5]The TEC attempts to rely
on some of the factual statements set forth in its final order; Goodman
attached that order to his summary judgment motion as summary judgment
evidence.  By law, however, the factual
statements in the final order are no evidence in Goodman=s trial court suit.  See Tex. Gov=t Code Ann. ' 571.133(d) (providing
that in a trial de novo from a TEC final order, the trial court Ashall try all issues of
fact and
law in the manner applicable to other civil suits@ and Amay not admit in evidence
the fact of prior action by the [TEC] or the nature of that action@ except to establish
trial court jurisdiction over the suit) (emphasis added).





[6]As previously mentioned,
the TEC cites a number of Areasonable reliance@ cases from other areas
of the law.  We decline to apply those
cases= reasonable reliance
analysis here because, as set forth above, government code section 571.097
itself dictates when reliance on a written TEC advisory opinion is
reasonable.  See Tex. Gov=t Code Ann. ' 571.097.





[7]Advisory Opinion 319
states, AThere are two issues . .
. :  whether such payments constitute a
conversion of political contributions to personal use in violation of section
253.035 of the Election Code and whether such payments constitute a use of political
contributions to purchase real estate in violation of section 253.038 of the
Election Code,@ which are the exact
provisions of the election code that the TEC alleged Goodman had violated.